UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA        )<br>                                                       )<br>v.                                                  )<br>                                                       )<br>Danielle Steenbruggen,                )<br>                                                       )<br>             Defendant.                    )<br>                                                       ) | Criminal No.<br>24-10121-FDS-3 |

**PROCEDURAL ORDER**
**CONCERNING SENTENCING**

**SAYLOR, J.**

A plea of guilty having been entered on 8/20/2025, under the Sentencing Reform Act of 1984, it is hereby **ORDERED**:

1. **Pre-Sentence Investigation**

    a. The Probation Office shall immediately commence the pre-sentence investigation, unless the Court has ordered otherwise pursuant to Fed. R. Crim. P. 32(c)(1)(A).

    b. The Probation Office shall prepare pre-sentence investigation reports in the order in which requests from the Court are received.

2. **Statement of Relevant Facts**

    Not later than **seven days after the plea,** the attorney for the government shall provide to the Probation Office a statement of relevant facts and any other materials that may be relevant under Fed. R. Crim. P. 32(d). The attorney for the government shall simultaneously serve counsel for the defendant copies of all materials provided to the Probation Office.

3. **Submission of Information Regarding Identifiable Victims (if applicable)**

    Not later than **seven days after the plea,** the attorney for the government shall provide to the Probation Office, pursuant to Fed. R. Crim. P. 32(c)(1)(B), a written statement setting forth the names of the victims, their contact information/addresses, and the amount of loss sustained by each victim and restitution owed to each victim.

4. **Interview of Defendant**

   The Probation Office shall provide a reasonable opportunity for defense counsel to attend any interview of the defendant conducted by a probation officer during the pre-sentence investigation.

   a. The Probation Office shall schedule an interview with the defendant to be held within seven days after the [plea/verdict] or within such additional period of time as the court may order.

   b. If the defendant is in custody, the United States Marshal shall, at the request of the Probation Office, bring the defendant to the courthouse for an interview at the earliest feasible time.

5. **Disclosure of Initial Pre-Sentence Report**

   a. The Probation Office shall have **seven weeks after the date of plea** for the preparation and disclosure of the initial report.

   b. The Probation Office shall disclose the initial report to defense counsel and government counsel not less than **five weeks before the sentencing hearing,** unless the defendant expressly waives the minimum five-week notification period.

   c. The date when disclosure has been made to each attorney is the date of the electronic disclosure of a copy to that attorney. It is the responsibility of the defense counsel to disclose the pre-sentence report to the defendant and to discuss it with and explain it to the defendant.

6. **Objections to Pre-Sentence Report**

   Not less than **fourteen days after disclosure of the report,** the attorneys for the government and the defendant shall advise the probation officer and each other, in writing, of any objections they may have as to any material information, sentencing classifications, sentencing guideline ranges, or policy statements contained in or omitted from the report.

7. **Probation Response to Objections**

   The probation officer shall conduct any further investigation and make any revisions to the pre-sentence report that may be necessary or appropriate. The probation officer may require counsel for both parties to confer with him or her to identify and attempt to resolve any factual or legal disputes which may require hearing by the court.

8. **Final Pre-Sentence Report**

   Not less than **seven days before the sentencing hearing,** the probation officer shall submit to the court and disclose to the attorneys the final pre-sentence report, including any addendum, setting forth the unresolved objections, the grounds for those objections, and the probation officer's comments on the objections. The probation officer shall certify that the contents of the report, including any revisions and the addendum, have been disclosed to the defendant and to counsel for the defendant and the government, and that the addendum fairly states any remaining unresolved objections. Except with regard to any unresolved objections, the report of the pre-sentence investigation may be accepted by the court as accurate. The court, however, for good cause shown, may allow a new objection to the pre-sentence report to be raised at any time before the imposition of sentence.

9. **Date of Sentencing**

   The sentencing hearing (and sentencing) will take place on **November 20, 2025 at 2:30** p.m. in Courtroom 10 U.S. District Court Boston, MA.

10. **Counsel's Obligations Concerning Hearing**

    Not less than **five days before the sentencing hearing,** counsel are to advise the Court:

    a. whether a party will move for a departure from the applicable guideline range or will move for a non-guideline sentence;

    b. whether there are other legal questions not adequately addressed in the presentence report or not addressed at all;

    c. whether there are factual issues that the party contends require an evidentiary hearing.

11. **Sentencing Memoranda**

    Counsel may submit a memorandum addressing any legal and factual issues implicated in the sentencing. Not less than **five days before the sentencing hearing,** a copy of such memorandum and any submissions addressing sentencing issues submitted by counsel must also be provided to the probation officer.

12. **Evidentiary Hearing**

    The Court may hold an evidentiary hearing to resolve any disputed issues or as justice may require.

13. **Modification of Schedule**

The schedule set forth in this Order may be modified by the Court for good cause shown.

14. **No Disclosure of Probation Recommendation**

The Probation Office shall not disclose any recommendation it made to the Court as to the appropriate sentence. Any such recommendation made to the court by the Probation Office must not contain factual information not already disclosed to both counsel and to the defendant.

|  |  |
|---|---|
| 8/20/2025 | /s/ F. Dennis Saylor, IV |
| Date | United States District Court Judge |

cc:  Counsel
     Probation Office